## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **FERRALLOY, INC.** | ) | **CASE NO. 08 CV 2480** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **ENDURANCE TECHNOLOGIES, INC.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

This matter is before the Court upon defendant's Motion to Dismiss (Doc. 5). The case arises out of an agreement to resolve a dispute between the parties regarding allegedly defective steel alloy tubes. Defendant, a corporation organized under the laws of Canada, argues that this Court lacks personal jurisdiction over it. For the reasons that follow, defendant's Motion to Dismiss is GRANTED.

**FACTS**

The facts are taken from plaintiff's Complaint, the exhibits thereto, the affidavit of plaintiff's President Mr. Bill Habansky and a declaration by defendant's President Mr. Alfred Chinski.

Plaintiff is an Ohio corporation that sells steel alloy tubes used in industrial installations such as high-temperature furnaces. Defendant is a Canadian corporation with a principal place of business in Calgary, Alberta. Defendant's business utilizes a process by which the corrosion resistance and other properties of steel are improved. Defendant's process requires the use of high-temperature furnaces.

> In or around 2007, [defendant] Endurance through its President, Fred Chinski, contacted [plaintiff] Ferralloy concerning the purchase of alloy steel tubes (herein called the "Tubes"). Endurance sent to Ferralloy in Ohio two Purchase Orders for the tubes. ... The ordered Tubes were manufactured in Ohio, and payment for the same was sent to Ferralloy in Ohio.

Affidavit of Bill Habansky at ¶ 4.

The tubes were first used in defendant's furnaces on May 23, 2008. Declaration of Alfred Chinski at ¶ 8. Defendant identified production problems in these furnaces on May 30, 2008. *Id.* In June 2008, defendant notified plaintiff that the tubes were defective. *Id.* at ¶ 9; Habansky Aff. at ¶ 6. Plaintiff's President Bill Habansky and defendant's President Alfred Chinski then engaged in several telephone and email communications regarding the defective tubes and how to resolve the problem. Chinski Decl. at ¶ 10; Habansky Aff. at ¶ 7. Plaintiff alleges that defendant agreed to return the defective tubes in exchange for replacement tubes. Defendant denies that such an agreement was reached. Plaintiff has since shipped replacement tubes to defendant. Defendant has neither returned the defective tubes nor paid

for the replacement tubes.

Plaintiff's Complaint contains three counts.  Count One seeks a declaratory judgment that the parties entered into a settlement agreement in June 2008 that fully resolved any and all claims with respect to the defective tubes.  Count Two alleges a breach of that settlement agreement.  Count Three charges that defendant has been unjustly enriched by its retention of the defective tubes.

Defendant now moves to dismiss for lack of personal jurisdiction.  The motion is opposed.

**STANDARD OF REVIEW**

Presented with a motion to dismiss for lack of personal jurisdiction and opposition thereto, "a court has three procedural alternatives:  it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions."  *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  The court has discretion to decide which method it will follow.  *Id.*  However the court handles the motion, the plaintiff always bears the burden of establishing that jurisdiction exists.  *Serras v. First Tennessee Bank National Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).  If the defendant supports his motion to dismiss with affidavits, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.  *Theunissen*, 935 F.2d at 1458 (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974).

In the absence of an evidentiary hearing, the court must view the pleadings and affidavits in the light most favorable to the plaintiff and not consider the controverting

assertions of defendant. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721-22 (6th Cir. 2000). Thus, the plaintiff's burden is only that of making a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal. *Id.*; *see also Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) ("When the district court dismisses a complaint pursuant to Rule 12(b)(2) without conducting an evidentiary hearing on the issue of personal jurisdiction ... the plaintiff need only make a *prima facie* showing of jurisdiction ... [and the court] will not consider facts proffered by the defendant that conflict with those offered by the plaintiff ..."). This burden is "relatively slight." *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988). A *prima facie* showing is made by "establishing with reasonable particularity sufficient contacts between [defendant] and the forum state to support jurisdiction." *Neogen Corporation v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (internal citations omitted). Under this standard, dismissal is "proper only if *all* the specific facts which the plaintiff ... alleges collectively fail to state a *prima facie* case for jurisdiction." *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 149 (6th Cir.1997) (quoting *Theunissen*, 935 F.2d at 1458) (emphasis added by *Kerry Steel* court).

### **DISCUSSION**

"In dealing with a diversity case, [the court] looks to the law of the forum state to determine whether personal jurisdiction exists. The exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements." *Calphalon*, 228 F.3d at 721-22 (internal citations omitted). Ohio's long-arm statute provides in relevant part:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the

4

>person's:
>(1) transacting any business in this state ...
>
>(C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

Ohio Rev. Code § 2307.382.[1]  In order for a cause of action to arise out of a defendant's contacts, those contacts must be the proximate cause of plaintiff's alleged injuries.  *Brunner v. Hampson*, 441 F.3d 457 (6th Cir. 2006).

If the long-arm statute is satisfied, plaintiff must then establish that due process is met. The constitutional touchstone is whether the defendant purposefully established "minimum contacts" in the forum state.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). These minimum contacts must be such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).  In the Sixth Circuit, a three-part test further articulates these requirements:

>First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).  "[T]he determination of the reasonableness of the exercise of jurisdiction in each case will depend on an evaluation of several factors.  A court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief.  It must also weigh

---

[1] Plaintiff does not argue that any other provision of the long-arm statute applies.

in its determination the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987) (internal quotations omitted). If the first two prongs of the *Southern Machine* test are met, an inference arises that the exercise of jurisdiction would be reasonable. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996).

Defendant first argues that the Court should look only to those contacts associated with the making of the settlement agreement. *United States v. Moats*, 961 F.2d 1198 (5th Cir. 1992); *Rex Humbard Found. v. Van Voorhis*, 1998 WL 34618 (Ohio Ct. App. 1998). In the alternative, defendant argues that due process is lacking even if the Court considers that defendant initiated the relationship with plaintiff and solicited the purchase of tubes for use in its furnaces. Plaintiff, of course, disagrees. While each party provides substantial support for its position, ultimately the Court finds that defendant has the better argument.

"[T]he mere fact that a defendant has entered into a contract with a resident of the forum state does not automatically establish that a defendant has purposefully availed itself of acting in the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). "In a contract dispute, the court must look at the prior negotiations, the contemplated future consequences, the contract's terms and the actual course of dealing between the parties to determine if the defendant has purposefully availed himself of transacting business there." *Id.* at 479. Telephone contacts and the like which accompany the contractual relationship are not sufficient to establish personal jurisdiction. *Weldon F. Stump & Co. v. Delta Metalforming Co.*, 793 F. Supp. 157, 160 (N.D. Ohio 1992) (citing cases). Further, "where a non-resident

6

defendant has entered into a contract which can be characterized as a one-shot deal or which does not anticipate creating an impact on the commerce of the forum state, it [is not] fair to force that defendant to litigate there." *Id.* (citing cases).

Applying these guiding principles to the present case, the Court finds that defendant has not purposefully availed itself of the forum. The cases relied upon by plaintiff in which jurisdiction was found involved more substantial contacts, a continuing and ongoing relationship between the parties or both.[2]

**CONCLUSION**

For the reasons stated above, defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/13/09

---

[2] Because the result is the same whether the Court looks at all contacts by defendant with the forum or just those contacts associated with the making of the settlement agreement, the Court declines to reach defendant's argument that it must limit its inquiry to the latter.

7